# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3511
_____

Lee Woolverton

*Plaintiff - Appellant*

v.

City of Wardell; Casey Redden; Chris Rudd

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 22, 2021
Filed: November 4, 2021
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following an adverse jury verdict on his § 1983 excessive-force claims against City of Wardell, Missouri, police officers Casey Redden and Chris Rudd, Lee

Woolverton appeals the district court's[1] order denying his motion for a new trial on multiple grounds. On appeal, most of Woolverton's new trial arguments involve the allegedly erroneous admission or exclusion of evidence and testimony. "An allegedly erroneous evidentiary ruling does not warrant a new trial unless the evidence was so prejudicial that a new trial would likely produce a different result." Burris v. Gulf Underwriters Ins. Co., 787 F.3d 875, 880 (8th Cir. 2015) (quotation omitted). The other issue allegedly requiring a new trial is that the district court erred in not taking judicial notice of and instructing the jury on Missouri self-defense law. For an alleged instruction error, our standard of review is abuse of discretion, "with the key question being whether a new trial is necessary to prevent a miscarriage of justice." Id. at 878 (quotation omitted). After careful review of the record, we conclude none of Woolverton's evidentiary or instruction challenges satisfies these stringent standards of review.

Woolverton also argues the district court erred in dismissing prior to trial his § 1983 failure-to-train-or-supervise claims against the City of Wardell. See Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658 (1978). The jury found the individual defendants, Officers Redden and Rudd, not liable. "This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." Johnson v. City of Ferguson, 926 F.3d 504, 507 (8th Cir. 2019) (en banc) (quotation omitted). Accordingly, there is no basis for reversing the district court's pre-trial dismissal of Woolverton's Monell claims.

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____

---

[1]The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.